```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :        CRIMINAL ACTION
                               :
         v.                    :
                               :
MD NURUL HASAN                 :        NO. 25-57-1
```

<u>MEMORANDUM</u>

Bartle, J.                                            August 13, 2025

      On August 1, 2025, defendant MD Nurul Hasan moved for release pending appeal or in the alternative to extend the surrender date, which is August 15, 2025.

      Defendant pleaded guilty on April 1, 2025 to one count of conspiracy (18 U.S.C. § 371), sixteen counts of false information in registering and aiding and abetting (52 U.S.C. § 10307(c) and 18 U.S.C. § 2), and sixteen counts of fraudulent voter registration and aiding and abetting (52 U.S.C. § 20511 (2)(A) and 18 U.S.C. § 2).  On June 18, 2025 the court sentenced him to three years on each count with the sentences to run concurrently.  A timely notice of appeal followed.

      Defendant, an elected member of the Council of the Borough of Milbourne in Delaware County, committed serious crimes involving the fraudulent permanent voter registration of several dozen non-borough residents and the casting of fraudulent ballots of these non-borough residents in a Milbourne

municipal election in 2021.  At that election, defendant was running as a write-in candidate for mayor.

Defendant relies on 18 U.S.C. § 3143(b) which provides for detention of a defendant who was found guilty and sentenced to a term of imprisonment, and who has filed a notice of appeal unless defendant provides:

> (A)  By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released …; and
>
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
> > (i)   reversal,
> >
> > (ii)  an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Our Court of Appeals has recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985).  Id. at 22 (quoting H.R. Rep. No. 91-907, at 186-87 (1970)).

Defendant first argues that he has raised a substantial question "likely to result in either a sentence that does not include a term of imprisonment or an order for a new trial."  He asserts that the court did not provide a sufficient reason for imposing an upward variance from the Advisory Sentencing Guidelines.  It is undisputed that the guideline range was 18 to 24 months and that the court varied upward in imposing sentences of 36 months.

The defendant is incorrect, however, that the court did not provide sufficient reason for doing so.  After calculating the guideline range, the court, as required, considered on the record the various factors under 18 U.S.C. § 3553(a) before fashioning a sentence.  The record leaves no doubt as to why the court was imposing an upward variance.  The court emphasized in particular the gravity of the offenses and the need to impose a sentence to provide specific and general deterrence.  It referenced the importance of the rule of law.  Defendant is a naturalized citizen who has taken an oath to support and defend the Constitution and laws of the United States of America.  The court also took into account the fact that defendant had obstructed justice by telling a potential witness to lie to investigators.  As an elected public official, defendant had sought to undermine a free and fair election in

which he was a candidate for office and thus committed a direct and flagrant attack on our democracy.

  The Advisory Guideline range of 18 to 24 months in this instance was off the mark. The maximum possible sentence on each count was five years. The sentence of 36 months was not only warranted but also sufficient but not greater than necessary under § 3553(a). Defendant's argument that the Court of Appeals is likely to order a sentence of no imprisonment or resentencing is frivolous.

  Defendant raises what he deems to be a second substantial question of law or fact. He maintains that the interpreter provided to him during the guilty plea hearing was "inadequate and spoke a different dialect." As a result, he contends that his guilty plea was not knowing, voluntary and intelligent.

  First, the defendant has waived this issue. <u>See</u> <u>United States v. Hernandez</u>, 994 F. Supp. 627, 630 (E.D. Pa. 1998). The Guilty Plea hearing was held on April 1, 2025. He did not raise the issue until August 1, 2025, four months later and almost a month and a half after his sentencing on June 18, 2025. Defendant at no point filed a motion to withdraw his guilty plea.

  Even if there is no waiver, his argument fails. According to defendant's presentence report, he is a native of

which he was a candidate for office and thus committed a direct and flagrant attack on our democracy.

  The Advisory Guideline range of 18 to 24 months in this instance was off the mark. The maximum possible sentence on each count was five years. The sentence of 36 months was not only warranted but also sufficient but not greater than necessary under § 3553(a). Defendant's argument that the Court of Appeals is likely to order a sentence of no imprisonment or resentencing is frivolous.

  Defendant raises what he deems to be a second substantial question of law or fact. He maintains that the interpreter provided to him during the guilty plea hearing was "inadequate and spoke a different dialect." As a result, he contends that his guilty plea was not knowing, voluntary and intelligent.

  First, the defendant has waived this issue. <u>See</u> <u>United States v. Hernandez</u>, 994 F. Supp. 627, 630 (E.D. Pa. 1998). The Guilty Plea hearing was held on April 1, 2025. He did not raise the issue until August 1, 2025, four months later and almost a month and a half after his sentencing on June 18, 2025. Defendant at no point filed a motion to withdraw his guilty plea.

  Even if there is no waiver, his argument fails. According to defendant's presentence report, he is a native of

Bangladesh and a naturalized United States citizen who came to this country in 2004 at the age of 27.  He has a bachelor's degree as well as a master's degree in business administration from a university in Bangladesh.  At the time of his plea hearing, he was working part-time in the IT Department of a business and was the Vice-President of the Milbourne Borough Council.  The court takes judicial notice that the Council meetings are conducted in English.

At his guilty plea hearing on April 1, 2025, the defendant was provided with an interpreter.  Immediately after being sworn, the interpreter advised the court, "and I also want to bring it to the attention of the court that this gentleman [the defendant] only requires – I understand I interpret for him.  He understands English.  That's what he told me."  Defense Counsel then spoke up, "Judge ... he's pretty good with English.  This was just out of an abundance of caution."  Thereafter, the defendant was sworn, and the court followed up with a question to defendant as to whether he reads, writes, and understands the English language.  He answered in the affirmative.

Defendant was also told by the court that if he provided false answers, he was subject to prosecution for perjury, that is lying under oath.  He responded that he understood.

The defendant proceeded to answer a series of questions which the court asked to satisfy itself that defendant was competent and able to enter a plea and that if he pleaded guilty, he was knowingly and voluntarily giving up certain rights to which he would be entitled if he went to trial.  For most of the colloquy, defendant replied without the aid of the interpreter.  Toward the end of the colloquy, defendant for the first time did turn to the interpreter who translated several questions for him.  In each instance, however, the defendant answered the question in English.

At the direction of the court, the Deputy Clerk then took the plea.  She read to defendant the charges and asked him "as to Counts 1 through 33 of the indictment how do you plead, guilty or not guilty?"  He did not seek the interpreter's assistance.  Defendant responded "Guilty."  Thereafter, the court posed a final question to the defendant, "Mr. Hasan, are you pleading guilty here today because you are in fact guilty as charged?"  He stated, "Yes, Your Honor."  Again, he did not solicit the interpreter for help.

The court, at the conclusion of the hearing, found that defendant was competent to plead and that his plea was knowing and voluntary.  It further found that the defendant understood the charges, his legal rights, and the maximum possible penalty and that he was giving up his right to a trial.

The court has no reason today to change its findings made on April 1, 2025. The defendant, with the occasional aid of an interpreter, fully understood what was occurring at his guilty plea hearing and knowingly and voluntarily entered a plea of guilty. His belated assertion that his interpreter was inadequate because he spoke a different dialect than defendant understood lacks credibility. In a word, MD Nurul Hasan, a well-educated, English speaking public official, clearly knew what he was doing at his Guilty Plea hearing.

Neither issue presented raises a substantial question of law or fact as neither is "debatable among jurists of reason." United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986). Accordingly, the motion of defendant for release pending appeal or in the alternative to extend the surrender date will be denied.