# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE NUMBER: DPAE 2:25 CR-000057-00

UNITED STATES OF AMERICA,
PLAINTIFF,

MD NURUL HASAN,
DEFENDANT

PRO' SE MOTION FOR A SENTENCING REDUCTION PURSUANT TO THE NEW AMENDMENT 821, 18 U.S.C. 3582 (c)(2), AND APPOINT COUNSEL PURSUANT TO THE CJA 3006A ACT

## BACKGROUND

Mr. Hasan was convicted and sentenced to 36 Months in United States District Court for the Eastern District of Pennsylvania for 18: U.S.C 371 conspiracy 18: U.S.C 371 conspiracy 52: 10307 © & false information registering & 18: U.S.C:2 adding & abetting; 52: 20511 (2) (A) fraudulent voter registration & 18 U.S.C 2 aiding & abetting. Mr. Hasan ask this Court for a sentencing reduction pursuant to the Amendment 821, 18 U.S.C: 3582 (c)(2) and appoint counsel pursuant to the CJA 3006A ACT.

[ARGUMENT]

**Effective Date: The effective date of this amendment is November 1, 2023.**

# AMENDMENT <u>821</u>

**Amendment:**

### Part A (Status Points under §4A1.1)

The Commentary to §2P1.1 captioned "Application Notes" is amended in Note 5 by striking "§4A1.1(d)" and inserting "§4A1.1(e)".

Section 4A1.1 is amended—

by striking subsection (d) as follows:

> "(d)  Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";

by redesignating subsection (e) as subsection (d);

and by inserting at the end the following new subsection (e):

> "(e)  Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".

The Commentary to §4A1.1 captioned "Application Notes" is amended— by

striking Note 4 as follows:

> "4.  *§4A1.1(d)*. Two points are added if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. *See* §4A1.2(n). For the purposes of this subsection, a 'criminal jus- tice sentence' means a sentence countable under §4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, alt- hough active supervision is not required for this subsection to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice

ucsent

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. *See* §4A1.2(m).";

by redesignating Note 5 as Note 4;

in Note 4 (as so redesignated) by striking "§4A1.1(e)" each place such term appears and insert- ing "§4A1.1(d)";

and by inserting at the end the following new note 5:

"5. *§4A1.1(e).* One point is added if the defendant (1) receives 7 or more points under §4A1.1(a) through (d), and (2) committed any part of the instant offense (*i.e.*, any rele- vant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. *See* §4A1.2(n). For the purposes of this subsection, a 'criminal justice sentence' means a sentence countable under §4A1.2 (Definitions and Instructions for Computing Crim- inal History) having a custodial or supervisory component, although active supervision is not required for this subsection to apply. For example, a term of unsupervised pro- bation would be included; but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation war- rant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. *See* §4A1.2(m).".

The Commentary to §4A1.1 captioned "Background" is amended in the last paragraph by strik- ing "Section 4A1.1(d) adds two points if the defendant was under a criminal justice sentence during any part of the instant offense" and inserting "Section 4A1.1(e) adds one point if the defendant receives 7 or more points under §4A1.1(a) through (d) and was under a criminal justice sentence during any part of the instant offense".

Section 4A1.2 is amended—

in subsection (a)(2) by striking "§4A1.1(e)" and inserting "§4A1.1(d)"; in

subsection (m) by striking "§4A1.1(d)" and inserting "§4A1.1(e)"; in

subsection (n) by striking "§4A1.1(d)" and inserting "§4A1.1(e)";

and in subsection (p) by striking "§4A1.1(e)" and inserting "§4A1.1(d)".

### Part B (Zero-Point Offenders)

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

**Subpart 1 (Adjustment for Certain Zero-Point Offenders)**

Chapter Four is amended by inserting at the end the following new Part C:

" PART C - ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS

§4C1.1.    *Adjustment for Certain Zero-Point Offenders*

(a)    *Adjustment.*—If the defendant meets all of the following criteria:

(1)    the defendant did not receive any criminal history points from Chap- ter Four, Part A;

(2)    the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3)    the defendant did not use violence or credible threats of violence in connection with the offense;

(4)    the offense did not result in death or serious bodily injury;

(5)    the instant offense of conviction is not a sex offense;

(6)    the defendant did not personally cause substantial financial hardship;

(7)    the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8)    the instant offense of conviction is not covered by §2H1.1 (Offenses In- volving Individual Rights);

(9)    the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Of- fense); and

(10)    the defendant did not receive an adjustment under §3B1.1 (Aggravat- ing Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 lev- els.

(b)    *Definitions and Additional Considerations.*—

(1)    'Dangerous weapon,' 'firearm,' 'offense,' and 'serious bodily injury'

ucsent                                        4

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

have the meaning given those terms in the Commentary to §1B1.1 (Applica- tion Instructions).

(2)    'Sex offense' means (A) an offense, perpetrated against a minor, under
(i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subpara- graphs (A)(i) through (iv) of this definition.

(3)    In determining whether the defendant's acts or omissions resulted in 'substantial financial hardship' to a victim, the court shall consider, among other things, the non-exhaustive list of factors provided in Ap- plication Note 4(F) of the Commentary to §2B1.1 (Theft, Property De- struction, and Fraud).

*Commentary*

*Application Notes*:

1.       *Application of Subsection (a)(6).*—The application of subsection (a)(6) is to be deter- mined independently of the application of subsection (b)(2) of §2B1.1 (Theft, Property Destruction, and Fraud).

2.       *Upward Departure.*—An upward departure may be warranted if an adjustment under this guideline substantially underrepresents the seriousness of the defendant's crimi- nal history. For example, an upward departure may be warranted if the defendant has a prior conviction or other comparable judicial disposition for an offense that involved violence or credible threats of violence.".

**Subpart 2 (Implementation of 28 U.S.C. § 994(j))**

The Commentary to §5C1.1 captioned "Application Notes" is amended—

by inserting at the beginning of Note 1 the following new heading: "*Application of Subsec- tion (a).*—";

by inserting at the beginning of Note 2 the following new heading: "*Application of Subsec- tion (b).*—";

by inserting at the beginning of Note 3 the following new heading: "*Application of Subsec- tion (c).*—";

by striking Note 4 as follows:

ucsent                                    

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

"If the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sen- tence of imprisonment, in accordance with subsection (b) or (c)(3). *See* 28 U.S.C. § 994(j). For purposes of this application note, a 'nonviolent first offender' is a defendant who has no prior convictions or other comparable judicial dispositions of any kind and who did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense of conviction. The phrase 'comparable judicial dispositions of any kind' in- cludes diversionary or deferred dispositions resulting from a finding or admission of guilt or a plea of *nolo contendere* and juvenile adjudications.";

by redesignating Notes 5 through 10 as Notes 4 through 9, respectively;

> by inserting at the beginning of Note 4 (as so redesignated) the following new heading: "*Appli- cation of Subsection (d).*—";

> by inserting at the beginning of Note 5 (as so redesignated) the following new heading: "*Appli- cation of Subsection (e).*—";

> by inserting at the beginning of Note 6 (as so redesignated) the following new heading: "*De- partures Based on Specific Treatment Purpose.*—";

> by inserting at the beginning of Note 7 (as so redesignated) the following new heading: "*Use of Substitutes for Imprisonment.*—";

> by inserting at the beginning of Note 8 (as so redesignated) the following new heading: "*Resi- dential Treatment Program.*—";

> by inserting at the beginning of Note 9 (as so redesignated) the following new heading: "*Appli- cation of Subsection (f).*—";

and by inserting at the end the following new Note 10:

> "10.   *Zero-Point Offenders.*—

>> (A)   *Zero-Point Offenders in Zones A and B of the Sentencing Table.*—If the defend- ant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate. *See* 28 U.S.C. § 994(j).

>> (B)   *Departure for Cases Where the Applicable Guideline Range Overstates the Gravity of the Offense.*—A departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate if the defendant received an adjustment under §4C1.1 (Adjustment for Certain

ucsent                                      

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

Zero-Point Offenders) and the defendant's applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an other- wise serious offense. *See* 28 U.S.C. § 994(j).".

## Subpart 3 (Additional Changes)

Chapter One, Part A is amended in Subpart 1(4)(d) (Probation and Split Sentences)— by

adding an asterisk after "community confinement or home detention.";

by adding a second asterisk after "through departures.*"; and by

striking the following Note:

"*Note: Although the Commission had not addressed 'single acts of aberrant behavior' at the time the Introduction to the Guidelines Manual originally was written, it subsequently ad- dressed the issue in Amendment 603, effective November 1, 2000. (*See* USSG App. C, amend- ment 603.)",

and inserting the following Notes:

"*Note: The Commission expanded Zones B and C of the Sentencing Table in 2010 to provide a greater range of sentencing options to courts with respect to certain offenders. (*See* USSG App. C, amendment 738.) In 2018, the Commission added a new application note to the Com- mentary to §5C1.1 (Imposition of a Term of Imprisonment), stating that if a defendant is a 'nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment.' (*See* USSG App. C, amendment 801.) In 2023, the Commission added a new Chapter Four guideline, at §4C1.1 (Adjustment for Certain Zero-Point Offenders), providing a decrease of 2 levels from the offense level determined under Chapters Two and Three for 'zero-point' of- fenders who meet certain criteria. In addition, the Commission further amended the Commen- tary to §5C1.1 to address the alternatives to incarceration available to 'zero-point' offenders by revising the application note in §5C1.1 that addressed 'nonviolent first offenders' to focus on 'zero-point' offenders. (*See* USSG App. C, amendment **821**.)

**Note: Although the Commission had not addressed 'single acts of aberrant behavior' at the time the Introduction to the Guidelines Manual originally was written, it subsequently ad- dressed the issue in Amendment 603, effective November 1, 2000. (*See* USSG App. C, amend- ment 603.)".

Section 4A1.3(b)(2)(A) is amended by striking "A departure" and inserting "Unless otherwise specified, a departure".

The Commentary to §4A1.3 captioned "Application Notes" is amended in Note 3 by striking "due to the fact that the lower limit of the guideline range for Criminal History Category I is set for a first offender with the lowest risk of recidivism" and inserting "unless otherwise spec- ified".

ucsent

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

**Part C (Impact of Simple Possession of Marihuana Offenses)**

The Commentary to §4A1.3 captioned "Application Notes", as amended by Part B, Subpart 3 of this amendment, is further amended in Note 3 by striking the following:

"*Downward Departures.*—A downward departure from the defendant's criminal history cate- gory may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. A departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited under subsection (b)(2)(A), unless otherwise spec- ified.",

and inserting the following:

"*Downward Departures.*—

(A)    *Examples.*—A downward departure from the defendant's criminal history category may be warranted based on any of the following circumstances:

(i)    The defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

(ii)    The defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to an- other person.

(B)    *Downward Departures from Criminal History Category I.*—A departure below the lower limit of the applicable guideline range for Criminal History Category I is prohib- ited under subsection (b)(2)(A), unless otherwise specified.".

**Reason for Amendment:** This amendment is the result of several Commission studies re- garding the nature of the criminal history of federal offenders, including analyses of the num- ber and types of prior convictions included as criminal history and the ability of the criminal history rules to predict an offender's likelihood of rearrest. While these studies continue to recognize the close association between an offender's criminal history calculation under the guidelines and the likelihood of future recidivism, the amendment makes targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offend-

ers"), and to recognize the changing legal landscape as it pertains to simple possession of ma- rihuana offenses. These targeted amendments balance the Commission's mission of imple- menting data-driven sentencing policies with its duty to craft penalties that reflect the statu- tory purposes of sentencing.

*Part A – Status Points*

ucsent                            8

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Part A of the amendment addresses "status points" for offenders, namely the additional crim- inal history points given to offenders for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprison- ment, work release, or escape status. The amendment redesignates current subsection (d) of §4A1.1, which addresses "status points," as subsection (e) and redesignates current subsec- tion (e), which addresses multiple crimes of violence treated as a single sentence, as subsec- tion (d). This redesignation is made for ease of application.

Under the previous "status points" provision, two criminal history points were added under §4A1.1(d) if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or es- cape status." The amendment limits the overall criminal history impact of "status points" in two ways. First, as revised, the "status points" provision under redesignated subsection (e) applies only to offenders with more serious criminal histories under the guidelines by requiring that an offender have seven or more criminal history points under subsections (a) through (d) in addition to having been under a criminal justice sentence at the time of the instant offense. Offenders with six or fewer criminal history points under subsections (a) through (d) will no longer receive "status points." Second, the amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies. Part A of the amendment also makes conforming changes to the Commentary to §4A1.1, §2P1.1 (Es- cape, Instigating or Assisting Escape), and §4A1.2 (Definitions and Instructions for Computing Criminal History).

As part of its study of criminal history, the Commission found that "status points" are rela- tively common in cases with at least one criminal history point, having been applied in 37.5 percent of cases with criminal history points over the last five fiscal years. Of the offenders who received "status points," 61.5 percent had a higher Criminal History Category as a result of the addition of the "status points." The Commission also recently published a series of re- search reports regarding the recidivism rates of federal offenders. *See, e.g.*, U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021), available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010.    These reports again concluded that an offender's criminal history calculation under the guide- lines is strongly associated with the likelihood of future recidivism by the defendant. In a re- lated publication, the Commission also found, however, that status points add little to the overall predictive value associated with the criminal history score. *See* U.S. SENT'G COMM'N, REVISITING STATUS POINTS (2022), available at https://www.ussc.gov/research/research-re- ports/revisiting-status-points.

The Commission's action to limit the impact of "status points" builds upon its tradition of data- driven evolution of the guidelines. As described in the Introduction to Chapter Four, the orig- inal Commission envisioned status points as "consistent with the extant empirical research assessing correlates of recidivism and patterns of career criminal behavior" and therefore en- visioned "status points" as being reflective of, among other sentencing goals, the increased likelihood of future recidivism. *See* USSG Ch.4, Pt.A, intro. comment. The original Commission also explained, however, that it would "review additional data insofar as they become available in the future." The Commission's recent research suggests that "status points" improve the

predictive value of the criminal history score less than the original Commission may have ex- pected, suggesting that the treatment of "status points" under Chapter Four should be refined.

ucsent                                              9

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

Accordingly, the Commission determined that it was appropriate to address several concerns regarding the scope and impact of status points. In taking these steps, the Commission ob- served that the operation of the *Guidelines Manual* separately accounts for consecutive pun- ishment imposed upon revocations of supervised release, a likely occurrence if an offender was under a criminal justice sentence during the commission of another offense. The Commission further recognized that it is also possible that an offender's criminal history score would be independently increased as the result of additional time imposed as the result of a revocation of probation or supervised release for the offense that also results in the addition of status points.

At the same time, by retaining "status points" for those offenders in higher criminal history categories, the Commission continues to recognize that "status points," like the other criminal history provisions in Chapter Four, reflect and serve multiple purposes of sentencing, includ- ing the offender's perceived lack of respect for the law, as reflected both in the offender's overall criminal history and the fact that the offender has reoffended while under a criminal justice sentence ordered by a court. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

The Commission concluded that accounting for status on a more limited basis continues to serve the broader purposes of sentencing while also addressing other concerns raised regard- ing the impact of status points.

### Part B – Zero-Point Offenders

Part B of the amendment includes three subparts making changes pertaining to offenders who did not receive any criminal history points from Chapter Four, Part A. Subpart 1 provides for an adjustment for certain offenders with zero criminal history points. Subpart 2 revises §5C1.1 (Imposition of a Term of Imprisonment) to implement the congressional directive at 28 U.S.C. § 994(j). Finally, Subpart 3 makes other conforming changes.

### Subpart 1 – Adjustment for Certain Zero-Point Offenders

Subpart 1 of Part B of the amendment creates a new Chapter Four guideline at §4C1.1 (Ad- justment for Certain Zero-Point Offenders). New §4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve specified aggravating factors. In establishing new §4C1.1, the Commission was in- formed by its studies of recidivism among federal offenders, as well as other extensive data analyses of offenders with no criminal history points, and public comment. The Sentencing Table in Chapter Five, Part A is divided into six criminal history categories, from I (lowest) to VI (highest). Criminal History Category I includes offenders with zero criminal history points and those with one criminal history point. Recidivism data analyzed by the Commission shows, however, that offenders with zero criminal history points have considerably lower re- cidivism rates than other offenders, including offenders with one criminal history point. *See* U.S. Sent'g Comm'n, Recidivism of Federal Offenders Released in 2010 (2021), avail-
able at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released- 2010. Among other findings, the report concluded that "zero-point offenders" were less likely to be rearrested than "one point" offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category.

ucsent                                        *10*

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

In promulgating this change, the Commission also considered the rates of departures and var- iances in cases involving offenders with no criminal history points. The Commission has long

viewed the rates and extents of departures and variances from the applicable guideline ranges as a feedback mechanism from the courts that a particular area of the guidelines may warrant further review and possible amendment. In fiscal year 2021, 39.2 percent of offenders with zero criminal history points received a sentence within the guidelines range; by comparison,
47.4 percent of offenders with one criminal history point were sentenced within the guideline range. The Commission determined that the departure and variance rates for zero-point of- fenders, coupled with its recidivism data, warranted action.

The amendment applies to offenders with no criminal history points, including (1) offenders with no prior convictions; (2) offenders who have prior convictions that are not counted because those convictions were not within the time limits set forth in subsection (d) and (e) of §4A1.2 (Definitions and Instructions for Computing Criminal History); and (3) offenders who have prior convictions that are not used in computing the criminal history category for reasons other than their "staleness" (*e.g.*, sentences resulting from foreign or tribal court convictions, minor misdemeanor convictions, or infractions). In adopting this definition of "zero-point offenders," the Commission opted to hew to the long-standing and carefully crafted criminal history rules set forth in Chapter Four, regarding which prior convictions count for criminal history pur- poses and which do not. The Commission also observed that attempts to exclude offenders with certain prior convictions could lead to increased complexity and litigation and require the ad- ditional practical step of investigating prior unscorable offenses for which records may not be readily available.

While determining that a reduction is appropriate for some offenders with zero criminal his- tory points, the Commission also identified circumstances in which zero-point offenders are appropriately excluded from eligibility in light of the seriousness of the instant offense of con- viction or the existence of aggravating factors in the instant offense (*e.g.*, where the offender used violence or credible threats of violence in connection with the offense or where the instant offense of conviction was a "sex offense"). The exclusionary criteria identified by the Commis- sion were again informed by extensive data analyses and public comment. The Commission was also informed by existing legislation, including the congressionally established criteria for the statutory safety valve at 18 U.S.C. § 3553(f) and the recent firearms legislation set forth in the Bipartisan Safer Communities Act.

*Subpart 2 – Implementation of 28 U.S.C. § 994(j)*

Subpart 2 of Part B of the amendment revises the Commentary to §5C1.1 (Imposition of a Term of Imprisonment) that addresses "nonviolent first offenders." New Application Note 10(A) provides that if the defendant received an adjustment under new §4C1.1 and the defendant's applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate. New Application Note 10(B) adds a corresponding departure provision providing that a departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate if the offender received an adjustment under new §4C1.1 and the applica- ble guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense.

The changes to the Commentary to §5C1.1 respond to Congress's directive to the Commission at 28

ucsent 

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

U.S.C. § 994(j), directing the Commission to ensure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defend- ant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense. The Commission determined that the revised commentary serves Congress's intent in promulgating section 994(j) while providing appropriate limitations and guidance through re- liance on the criteria set forth in new §4C1.1 and the specific statutory language set forth in section 994(j).

### *Subpart 3 – Additional Changes*

Subpart 3 of Part B of the amendment makes a corresponding change to subsection (b)(2)(A) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to provide that a departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited, "unless otherwise specified." The amendment also revises an explanatory note in Chapter One, Part A, Subpart 1(4)(d) (Probation and Split Sentences) to detail amendments to the *Guidelines Manual* related to the implementation of 28 U.S.C. § 994(j), first offenders, and "zero-point offenders."

### *Part C – Impact of Simple Possession of Marihuana Offenses*

Part C of the amendment revises the Commentary to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)) to include sentences resulting from posses- sion of marihuana offenses as an example of when a downward departure from the defendant's criminal history may be warranted. Specifically, Part C provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for pos- session of marihuana for personal use, without an intent to sell or distribute it to another person. Most commenters, including the Department of Justice, supported this change. *See* Letter from Jonathan J. Wroblewski, Dir., Crim. Div., U.S. Dep't of Just., to Hon. Carlton

> W. Reeves, Chair, U.S. Sent'g Comm'n (Feb. 27, 2023), *in* U.S. Sent'g Comm'n, 2022–2023 Amendment Cycle Proposed Amendments/Public Comment (2023); *see also* U.S. Sent'g Comm'n, 2022–2023 Amendment Cycle Proposed Amendments/Public Comment (2023)

(providing numerous public comment supporting the amendment).

> The Commission also relied upon its recently published report on the impact of simple posses- sion of marihuana offenses on sentencing. *See* U.S. Sent'g Comm'n, Weighing the Impact of Simple Possession of Marijuana: Trends and Sentencing in the Federal System (2023),

available at https://www.ussc.gov/research/research-reports/weighing-impact-simple-posses- sion-marijuana. In that study, the Commission found that 4,405 federal offenders (8.0%) re- ceived criminal history points under the federal sentencing guidelines for prior marihuana possession sentences in fiscal year 2021. Most such prior sentences were for state court con- victions resulting in less than 60 days in prison or non-custodial sentences. The Commission also found informative that ten percent (10.2%) of these 4,405 offenders had no other criminal history points, and that for 40 percent (40.1%) of the 4,405 offenders (1,765), the criminal his- tory points for prior marihuana possession sentences resulted in a higher Criminal History Category.

**Effective Date: The effective date of this amendment is November 1, 2023.**

ucsent                                                            ⚹

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*12*

63390511

## § 3006A.  Adequate representation of defendants

**(a) Choice of plan.**    Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section. Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation. Each plan shall provide the following:

(1) Representation shall be provided for any financially eligible person who—

(A) is charged with a felony or a Class A misdemeanor;

(B) is a juvenile alleged to have committed an act of juvenile delinquency as defined in section 5031 of this title [18 USCS § 5031];

(C) is charged with a violation of probation;

(D) is under arrest, when such representation is required by law;

(E) is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release;

(F) is subject to a mental condition hearing under chapter 313 of this title [18 USCS §§ 4241 et seq.];

(G) is in custody as a material witness;

(H) is entitled to appointment of counsel under the sixth amendment to the Constitution;

(I) faces loss of liberty in a case, and Federal law requires the appointment of counsel; or

(J) is entitled to the appointment of counsel under section 4109 of this title [18 USCS § 4109].

(2) Whenever the United States magistrate [United States magistrate judge] or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who—

USCS                                                        13

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(A) is charged with a Class B or C misdemeanor, or an infraction for which a sentence to confinement is authorized; or

(B) is seeking relief under section 2241, 2254, or 2255 of title 28 [28 USCS § 2241, 2254, or 2255].

(3) Private attorneys shall be appointed in a substantial proportion of the cases. Each plan may include, in addition to the provisions for private attorneys, either of the following or both:

(A) Attorneys furnished by a bar association or a legal aid agency.

(B) Attorneys furnished by a defender organization established in accordance with the provisions of subsection (g).

Prior to approving the plan for a district, the judicial council of the circuit shall supplement the plan with provisions for representation on appeal. The district court may modify the plan at any time with the approval of the judicial council of the circuit. It shall modify the plan when directed by the judicial council of the circuit. The district court shall notify the Administrative Office of the United States Courts of any modification of its plan.

(b) **Appointment of counsel.**    Counsel furnishing representation under the plan shall be selected from a panel of attorneys designated or approved by the court, or from a bar association, legal aid agency, or defender organization furnishing representation pursuant to the plan. In every case in which a person entitled to representation under a plan approved under subsection (a) and appears without counsel, the United States magistrate [United States magistrate judge] or the court shall advise the person that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate [United States magistrate judge] or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him. Such appointment may be made retroactive to include any representation furnished pursuant to the plan prior to appointment. The United States magistrate [United States magistrate judge] or the court shall appoint separate counsel for persons having interests that cannot properly be represented by the same counsel, or when other good cause is shown.

(c) **Duration and substitution of appointments.**    A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate [United States magistrate judge] or the court through appeal, including ancillary matters appropriate to the proceedings. If at any time after the appointment of counsel the United States magistrate [United States magistrate judge] or the court finds that the person is

USCS                                    *14*

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate. If at any stage of the proceedings, including an appeal, the United States magistrate [United States magistrate judge] or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate. The United States magistrate [United States magistrate judge] or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.

**(d) Payment for representation.**

**(1) Hourly rate.** Any attorney appointed pursuant to this section, or the attorney's law firm, or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall, at the conclusion of the representation or any segment thereof, be compensated at a rate not exceeding $60 per hour for time expended in court or before a United States magistrate [United States magistrate judge] and $40 per hour for time reasonably expended out of court, unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit, for time expended in court or before a United States magistrate [judge] and for time expended out of court. The Judicial Conference shall develop guidelines for determining the maximum hourly rates for each circuit in accordance with the preceding sentence, with variations by district, where appropriate, taking into account such factors as the minimum range of the prevailing hourly rates for qualified attorneys in the district in which the representation is provided and the recommendations of the judicial councils of the circuits. Not less than 3 years after the effective date of the Criminal Justice Act Revision of 1986, the Judicial Conference is authorized to raise the maximum hourly rates specified in this paragraph up to the aggregate of the overall average percentages of the adjustments in the rates of pay under the General Schedule made pursuant to section 5305 of title 5 on or after such effective date. After the rates are raised under the preceding sentence, such maximum hourly rates may be raised at intervals of not less than 1 year each, up to the aggregate of the overall average percentages of such adjustments made since the last raise was made under this paragraph. Attorneys may be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the United States magistrate [United States magistrate judge] or the court, and the costs of defending actions alleging malpractice of counsel in furnishing representational services under this section. No reimbursement for expenses in defending against malpractice claims shall be made if a judgment of malpractice is rendered against the counsel furnishing representational services under this section. The United States magistrate or the court shall make determinations relating to reimbursement of expenses under this paragraph.

USCS    *15*

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

**(2)** Maximum amounts. For representation of a defendant before the United States magistrate [United States magistrate judge] or the district court, or both, the compensation to be paid to an attorney, or the attorney's law firm, or to a bar association or legal aid agency or community defender organization shall not exceed $7,000 for each attorney in a case in which one or more felonies are charged, and $2,000 for each attorney in a case in which only misdemeanors are charged. For representation of a defendant in an appellate court, the compensation to be paid to an attorney, or the attorney's law firm, or to a bar association or legal aid agency or community defender organization shall not exceed $5,000 for each attorney in each court. For representation of a petitioner in a non-capital habeas corpus proceeding, the compensation for each attorney shall not exceed the amount applicable to a felony in this paragraph for representation of a defendant before a judicial officer of the district court. For representation of such petitioner in an appellate court, the compensation for each attorney shall not exceed the amount applicable for representation of a defendant in an appellate court. For representation of an offender before the United States Parole Commission in a proceeding under section 4106A of this title [18 USCS § 4106A], the compensation shall not exceed $1,500 for each attorney in each proceeding; for representation of an offender in an appeal from a determination of such Commission under such section, the compensation shall not exceed $5,000 for each attorney in each court. For any other representation required or authorized by this section, the compensation shall not exceed $1,500 for each attorney in each proceeding. The compensation maximum amounts provided in this paragraph shall increase simultaneously by the same percentage, rounded to the nearest multiple of $100, as the aggregate percentage increases in the maximum hourly compensation rate paid pursuant to paragraph (1) for time expended since the case maximum amounts were last adjusted.

**(3)** Waiving maximum amounts. Payment in excess of any maximum amount provided in paragraph (2) of this subsection may be made for extended or complex representation whenever the court in which the representation was rendered, or the United States magistrate [United States magistrate judge] if the representation was furnished exclusively before him, certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active or senior circuit judge.

**(4)** Disclosure of fees.

    **(A)** In general. Subject to subparagraphs (B) through (E), the amounts paid under this subsection for services in any case shall be made available to the public by the court upon the court's approval of the payment.

    **(B)** Pre-trial or trial in progress. If a trial is in pre-trial status or still in progress and after considering the defendant's interests as set forth in subparagraph (D), the court shall—

USCS

*16*

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

**(i)** redact any detailed information on the payment voucher provided by defense counsel to justify the expenses to the court; and

**(ii)** make public only the amounts approved for payment to defense counsel by dividing those amounts into the following categories:

**(I)** Arraignment and or plea.

**(II)** Bail and detention hearings.

**(III)** Motions.

**(IV)** Hearings.

**(V)** Interviews and conferences.

**(VI)** Obtaining and reviewing records.

**(VII)** Legal research and brief writing.

**(VIII)** Travel time.

**(IX)** Investigative work.

**(X)** Experts.

**(XI)** Trial and appeals.

**(XII)** Other.

**(C)** Trial completed.

**(i)** In general. If a request for payment is not submitted until after the completion of the trial and subject to consideration of the defendant's interests as set forth in subparagraph (D), the court shall make available to the public an unredacted copy of the expense voucher.

**(ii)** Protection of the rights of the defendant. If the court determines that defendant's interests as set forth in subparagraph (D) require a limited disclosure, the court shall disclose amounts as provided in subparagraph (B).

**(D)** Considerations. The interests referred to in subparagraphs (B) and (C) are—

**(i)** to protect any person's 5th amendment right against self-incrimination;

USCS                                    17

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

2028, 2057, 2185; Nov. 14, 1986, P. L. 99-651, Title I, §§ 102, 103, 100 Stat. 3642, 3645; Dec. 7, 1987, P. L. 100-182, § 19, 101 Stat. 1270; Nov. 18, 1988, P. L. 100-690, Title VII, Subtitle C, § 7101(f), 102 Stat. 4416; April 24, 1996, P. L. 104-132, Title IX, § 903(a), 110 Stat. 1318; Nov. 26, 1997, P. L. 105-119, Title III, § 308, 111 Stat. 2493; Nov. 29, 1999, P. L. 106-113, Div B, § 1000(a)(1), 113 Stat. 1535; Nov. 13, 2000, P. L. 106-518, Title II, §§ 210, 211, 114 Stat. 2415; Dec. 8, 2004, P. L. 108-447, Div B, Title III, § 304, 118 Stat. 2894; Oct. 13, 2008, P. L. 110-406, §§ 11–12(b), 122 Stat. 4293; May 27, 2010, P. L. 111-174, § 7, 124 Stat. 1217; Mar. 23, 2024, P.L. 118-47, Div B, Title III, § 307, 138 Stat. 542.

USCS

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

19

63390511

        **(ii)** to protect the defendant's 6th amendment rights to effective assistance of counsel;

        **(iii)** the defendant's attorney-client privilege;

        **(iv)** the work product privilege of the defendant's counsel;

        **(v)** the safety of any person; and

        **(vi)** any other interest that justice may require, except that the amount of the fees shall not be considered a reason justifying any limited disclosure under section 3006A(d)(4) of title 18, United States Code [18 USCS § 3006A(d)(4)].

    **(E)** Notice. The court shall provide reasonable notice of disclosure to the counsel of the defendant prior to the approval of the payments in order to allow the counsel to request redaction based on the considerations set forth in subparagraph (D). Upon completion of the trial, the court shall release unredacted copies of the vouchers provided by defense counsel to justify the expenses to the court. If there is an appeal, the court shall not release unredacted copies of the vouchers provided by defense counsel to justify the expenses to the court until such time as the appeals process is completed, unless the court determines that none of the defendant's interests set forth in subparagraph (D) will be compromised.

    **(F)** Effective date. The amendment made by paragraph (4) shall become effective 60 days after enactment of this Act [enacted Nov. 26, 1997], will apply only to cases filed on or after the effective date, and shall be in effect for no longer than 24 months after the effective date.

    **(5)** Filing claims. A separate claim for compensation and reimbursement shall be made to the district court for representation before the United States magistrate [United States magistrate judge] and the court, and to each appellate court before which the attorney provided representation to the person involved. Each claim shall be supported by a sworn written statement specifying the time expended, services rendered, and expenses incurred while the case was pending before the United States magistrate [United States magistrate judge] and the court, and the compensation and reimbursement applied for or received in the same case from any other source. The court shall fix the compensation and reimbursement to be paid to the attorney, or the attorney's law firm or to the bar association or legal aid agency or community defender organization which provided the appointed attorney. In cases where representation is furnished exclusively before a United States magistrate [United States magistrate judge], the claim shall be submitted to him and he shall fix the compensation and reimbursement to be paid. In cases where representation is furnished other than before the United States magistrate [United States magistrate judge], the district court, or an appellate court, claims shall be submitted to the district

USCS

*20*

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

court which shall fix the compensation and reimbursement to be paid.

(6) New trials. For purposes of compensation and other payments authorized by this section, an order by a court granting a new trial shall be deemed to initiate a new case.

(7) Proceedings before appellate courts. If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28 [28 USCS § 1915(a)].

(e) **Services other than counsel.**

(1) Upon request. Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate [United States magistrate judge] if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

(2) Without prior request.

(A) Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $800 and expenses reasonably incurred.

(B) The court, or the United States magistrate [United States magistrate judge] (if the services were rendered in a case disposed of entirely before the United States magistrate [United States magistrate judge]), may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $800.

(3) Maximum amounts. Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $2,400, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate [United States magistrate judge] if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an

USCS                                         21

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

active or senior circuit judge.

(4) Disclosure of fees. The amounts paid under this subsection for services in any case shall be made available to the public.

(5) The dollar amounts provided in paragraphs (2) and (3) shall be adjusted simultaneously by an amount, rounded to the nearest multiple of $100, equal to the percentage of the cumulative adjustments taking effect under section 5303 of title 5 [5 USCS § 5303] in the rates of pay under the General Schedule since the date the dollar amounts provided in paragraphs (2) and (3), respectively, were last enacted or adjusted by statute.

(f) **Receipt of other payments.**    Whenever the United States magistrate [United States magistrate judge] or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, or the attorney's law firm, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. Except as so authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.

(g) **Defender organization.**

(1) Qualifications. A district or a part of a district in which at least two hundred persons annually require the appointment of counsel may establish a defender organization as provided for either under subparagraphs (A) or (B) of paragraph (2) of this subsection or both. Two adjacent districts or parts of districts may aggregate the number of persons required to be represented to establish eligibility for a defender organization to serve both areas. In the event that adjacent districts or parts of districts are located in different circuits, the plan for furnishing representation shall be approved by the judicial council of each circuit.

(2) Types of defender organizations.

(A) Federal Public Defender Organization. A Federal Public Defender Organization shall consist of one or more full-time salaried attorneys. An organization for a district or part of a district or two adjacent districts or parts of districts shall be supervised by a Federal Public Defender appointed by the court of appeals of the circuit, without regard to the provisions of title 5 governing appointments in the competitive service, after considering recommendations from the district court or courts to be served. Nothing contained herein shall be deemed to authorize more than one Federal Public Defender within a single judicial district. The

USCS

*22*

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

Federal Public Defender shall be appointed for a term of four years, unless sooner removed by the court of appeals of the circuit for incompetency, misconduct in office, or neglect of duty. Upon the expiration of his term, a Federal Public Defender may, by a majority vote of the judges of the court of appeals, continue to perform the duties of his office until his successor is appointed, or until one year after the expiration of such Defender's term, whichever is earlier. The compensation of the Federal Public Defender shall be fixed by the court of appeals of the circuit at a rate not to exceed the compensation received by the United States Attorney for the District where representation is furnished or, if two districts or parts of districts are involved, the compensation of the higher paid United States attorney of the districts. The Federal Public Defender may appoint, without regard to the provisions of title 5 governing appointments in the competitive service, full-time attorneys in such number as may be approved by the court of appeals of the circuit and other personnel in such number as may be approved by the Director of the Administrative Office of the United States Courts. Compensation paid to such attorneys and other personnel of the organization shall be fixed by the Federal Public Defender at a rate not to exceed that paid to attorneys and other personnel of similar qualifications and experience in the Office of the United States attorney in the district where representation is furnished or, if two districts or parts of districts are involved, the higher compensation paid to persons of similar qualifications and experience in the districts. Neither the Federal Public Defender nor any attorney so appointed by him may engage in the private practice of law. Each organization shall submit to the Director of the Administrative Office of the United States Courts, at the time and in the form prescribed by him, reports of its activities and financial position and its proposed budget. The Director of the Administrative Office shall submit, in accordance with section 605 of title 28 [28 USCS § 605], a budget for each organization for each fiscal year and shall out of the appropriations therefor make payments to and on behalf of each organization. Payments under this subparagraph to an organization shall be in lieu of payments under subsection (d) or (e).

      **(B)** Community Defender Organization. A Community Defender Organization shall be a nonprofit defense counsel service established and administered by any group authorized by the plan to provide representation. The organization shall be eligible to furnish attorneys and receive payments under this section if its bylaws are set forth in the plan of the district or districts in which it will serve. Each organization shall submit to the Judicial Conference of the United States an annual report setting forth its activities and financial position and the anticipated caseload and expenses for the next fiscal year. Upon application an organization may, to the extent approved by the Judicial Conference of the United States:

            **(i)** receive an initial grant for expenses necessary to establish the organization; and

            **(ii)** in lieu of payments under subsection (d) or (e), receive periodic

USCS

23

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

63390511

sustaining grants to provide representation and other expenses pursuant to this section.

(3) Malpractice and negligence suits. The Director of the Administrative Office of the United States Courts shall, to the extent the Director considers appropriate, provide representation for and hold harmless, or provide liability insurance for, any person who is an officer or employee of a Federal Public Defender Organization established under this subsection, or a Community Defender Organization established under this subsection which is receiving periodic sustaining grants, for money damages for injury, loss of liberty, loss of property, or personal injury or death arising from malpractice or negligence of any such officer or employee in furnishing representational services under this section while acting within the scope of that person's office or employment.

(h) **Rules and reports.**    Each district court and court of appeals of a circuit shall submit a report on the appointment of counsel within its jurisdiction to the Administrative Office of the United States Courts in such form and at such times as the Judicial Conference of the United States may specify. The Judicial Conference of the United States may, from time to time, issue rules and regulations governing the operation of plans formulated under this section.

(i) **Appropriations.**    There are authorized to be appropriated to the United States courts, out of any money in the Treasury not otherwise appropriated, sums necessary to carry out the provisions of this section, including funds for the continuing education and training of persons providing representational services under this section. When so specified in appropriation acts, such appropriations shall remain available until expended. Payments from such appropriations shall be made under the supervision of the Director of the Administrative Office of the United States Courts.

(j) **Districts included.**    As used in this section, the term "district court" means each district court of the United States created by chapter 5 of title 28 [28 USCS §§ 81 et seq.], the District Court of the Virgin Islands, the District Court for the Northern Mariana Islands, and the District Court of Guam.

(k) **Applicability in the District of Columbia.**    The provisions of this section shall apply in the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit. The provisions of this section shall not apply to the Superior Court of the District of Columbia and the District of Columbia Court of Appeals.

**HISTORY:**
Added Aug. 20, 1964, P. L. 88-455, § 2, 78 Stat. 552; Oct. 17, 1968, P. L. 90-578, Title III, § 301(a)(1), 82 Stat. 1115; Oct. 14, 1970, P. L. 91-447, § 1, 84 Stat. 916; Sept. 3, 1974, P. L. 93-412, § 3, 88 Stat. 1093; April 2, 1982, P. L. 97-164, Title II, Part C, § 206(a), (b), 96 Stat. 53; Oct. 12, 1984, P. L. 98-473, Title II, Ch II, § 223(e), Ch IV, § 405, Ch XIX, § 1901, 98 Stat.

USCS

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

24

63390511

And all Statements in this Motion is true to the best of my knowledge Pursuant to 28 USC 1746.


Respectfully Submitted,


MD Nurul Hasan ....................*Nurul Hasan*.................... 09.30,2025

25

FROM

MD HASAN, REG # 63390-511
Federal Prison Camp Schuylkill
P.O Box 670
Minersville, PA-17954
Mailed from
Federal Prison Camp
Schuylkill, PA





TO,
OFFICE OF THE CLERK
U.S. DISTRICT COURT EASTERN DISTRICT
OF PENNSYLVANIA
601, MARKET STREET
PHILADELPHIA, PA-19106


RECEIVED
OCT - 3 2025


Legal Mail

FCI/FPO SCHUYLKILL
PO BOX 700
MINERSVILLE PA 17954

THIS PIECE OF MAIL WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS NEITHER BEEN OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

5-30-69